# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA WALKER<br><br>and<br><br>BEATE WRIGHT,<br><br>              Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>              Defendant. | Civil Action 10-0965 (HHK) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Vanessa Walker and Beate Wright,[1] on behalf of their minor children, bring this action against the District of Columbia, seeking attorneys' fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Plaintiffs aver that they are entitled to attorneys' fees because they were the prevailing parties in administrative adjudications of their IDEA claims against the D.C. Public Schools ("DCPS"). Before the Court is the District's motion to dismiss for failure to state a claim [#3], which argues that plaintiffs were not prevailing parties because they voluntarily settled their claims before any administrative adjudication took place. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion must be granted in part and denied in part.

---

[1] Walker and Wright were initially accompanied by Penny Smothers, for whom this action was previously captioned, but she voluntarily dismissed her claim on July 15, 2010. *See* Notice of Voluntary Dismissal by Penny Smothers [#4].

# I. BACKGROUND

The IDEA was enacted in 1975 to ensure that children with disabilities have access to a "free appropriate public education." 20 U.S.C. § 1400(d)(1)(A). The IDEA requires states and the District of Columbia to provide various "procedural safeguards," *id*. § 1415(a), including a complaint process, *id*. § 1415(b)(6), with the right to an "impartial due process hearing" before the state or local education agency. *Id*. § 1415(f)(1). During the course of "any administrative proceeding" under the IDEA, parents have "the right to be accompanied and advised by counsel." *Id*. § 1415(h)(1). "Any party aggrieved" by the final outcome of the administrative process may seek judicial review in a state court or federal district court. *Id*. § 1415(i)(2)(A). The reviewing court, "in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." *Id*. § 1415(i)(3)(B).

Plaintiffs are parents of minor children with disabilities (as defined by the IDEA). Compl. ¶¶ 9, 10. Plaintiffs each filed an administrative complaint against DCPS, asserting that the District had failed to provide plaintiffs' children with the "free and appropriate public education" guaranteed by the IDEA. *See* Compl. Exs. B, C. Walker's complaint was resolved by a settlement agreement with DCPS. The parties submitted the proposed settlement agreement to the administrative hearing officer, who approved it and ordered that it take effect by April 27, 2009. *See* Compl. Ex. B at 12–15. Wright's complaint was similarly resolved by mutual agreement; before any adjudication occurred, the parties agreed on a plan for addressing Wright's grievances and that Wright would withdraw the complaint. The hearing officer thus dismissed the complaint without prejudice. *See* Compl. Ex. C at 8–9.

Plaintiffs now seek compensation for attorneys' fees that they expended in pursuing their

administrative complaints against DCPS. They allege that they were "prevailing parties" at the administrative level such that they are entitled to compensation under IDEA. Compl. ¶¶ 9, 10. The District has moved to dismiss their claims on the ground that, having resolved their complaints via voluntary agreements between the parties, plaintiffs were not "prevailing parties" within the meaning of the statute.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 12(b)(6), a defendant may move to dismiss a complaint, or a portion thereof, for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Although a complaint need not contain detailed factual allegations, it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).[2] When resolving a motion to dismiss under Rule 12(b)(6), the Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated by the complaint, and matters of which it may take judicial notice. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

---

[2] Plaintiffs are thus incorrect when they assert that a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pl.'s Opp'n to Def.'s Mot ("Pl.'s Opp'n") at 4. That standard, which was articulated in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), was abrogated by *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 562–63.

3

## III. ANALYSIS

As used in the IDEA, "'the term prevailing party [is] a legal term of art' that requires more than achieving the desired outcome; the party seeking fees must also have 'been awarded some relief by the court.'" *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)) (alteration in original). Thus, IDEA complainants are not entitled to attorneys' fees if their complaints are resolved by "private settlements reached prior to administrative hearings." *Alegria v. District of Columbia*, 391 F.3d 262, 263 (D.C. Cir. 2004). Conversely, a party who obtains a favorable, material change in the parties' relationship by "an enforceable judgment or consent order" has prevailed and is entitled to recover fees. *Id.*; *see Bush ex rel. A.H. v. District of Columbia*, 579 F. Supp. 2d 22, 28–29 (D.D.C. 2008). Consequently, whether plaintiffs here are entitled to attorneys' fees depends on whether the agreements they reached with DCPS were "private settlements" in the meaning of *Alegria*, or consent decrees that received "some official judicial approval . . . and some level of continuing judicial oversight." *Bush*, 579 F. Supp. 2d at 29 (quoting *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003)) (internal quotation marks omitted); *see Alston v. District of Columbia*, 2006 WL 752938, at *1 (D.D.C. Mar. 22, 2006) (reading *Alegria* to require that "a judicially enforceable order . . . be entered in favor of" the party seeking fees).

**A.      Wright Was Not a Prevailing Party Below**

Under *Buckhannon* and *Alegria*, it is clear that Wright is not entitled to attorneys' fees under the IDEA. As recorded in the hearing officer's order, "following introductory and

4

preliminary matters," the parties discussed and agreed to a plan for resolving their dispute. *See* Compl. Ex. C at 8. Accordingly, the hearing officer wrote: "Based on the above agreement, and following discussion with counsel . . . this matter is hereby dismissed without prejudice." *Id.* at 9. This language does not suggest any approval or continuing oversight on the part of the Hearing Officer. Nor did the hearing officer appear to incorporate into the "order for dismissal" any of the terms of the settlement. When presented with a Hearing Officer's Determination ("HOD") that included almost identical language, the *Bush* court held that the complainant was not the prevailing party. *See Bush*, 579 F. Supp. 2d at 29 ("[T]he record reflects that the hearing officer did no more than dismiss the complaint without prejudice. . . . Because the hearing officer's decision requires no further oversight, the court concludes that plaintiff . . . was not the prevailing party."); *see also Goldring v. District of Columbia*, 2005 WL 3294005, at *3 (D.D.C. May 26, 2005) (finding no prevailing party status where "the hearing officer simply noted that the case was dismissed"); *Abraham v. District of Columbia*, 338 F. Supp. 2d 113, 120 n.8 (D.D.C. 2004) ("It would be insufficient for an HOD merely to mention the existence of a settlement agreement or to dismiss the claim as moot due to settlement."). The Court sees no basis to reach a different conclusion here. Accordingly, Wright's claim will be dismissed.

**B.     Walker Was the Prevailing Party Below**

Walker's case is different. As the Hearing Officer explained, the parties "entered into [a] . . . proposed settlement agreement," which they presented to the Hearing Officer. Compl. Ex. B at 12. The officer then issued her determination, which read, in pertinent part:

> Upon consideration of Petitioner's requests for a due process hearing, the Response thereto . . . and the terms of the Settlement Agreement, it is this 19th day of April 2009 hereby:

5

> ORDERED that the Settlement Agreement is hereby approved and shall take effect not later than April 27, 2009[.]

*Id*. at 14. This language constitutes "a judicially enforceable order . . . in favor of" Walker. *Alston*, 2006 WL 752938, at *1; *see also Dist. of Columbia v. Jeppsen ex rel. Jeppsen*, 514 F.3d 1287, 1290 (D.C. Cir. 2008) (a party prevails upon "obtaining a judicial remedy that vindicates its claim of right").

First, the HOD expressly "approve[s]" the settlement agreement reached by the parties, and orders that the agreement take effect by a certain date. In fact, the entire text of the settlement agreement is included in the body of the HOD. *See* Compl. Ex. B at 12–13. Even in the absence of an express command that DCPS "undertake or refrain from some conduct consistent with [the IDEA]," *Abraham*, 338 F. Supp. 2d at 120 n.8, the Court sees but one feasible reading of the HOD: the "settlement agreement is . . . incorporated into [the] HOD," *id*. at 120, and the parties are required to abide by its terms. *See Rufo v. Inmates of the Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992) (describing a consent decree as "an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree"); *Goldring*, 2005 WL 3294005, at *3 (the involvement of, and approval by, the hearing officer in a settlement agreement is probative of whether a plaintiff can claim prevailing party status).

Second, the settlement agreement, as laid out in the HOD, provides Walker with much of the relief that she sought on behalf of her child. *See Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 282 n.11 (4th Cir. 2002) (a putative prevailing party must "demonstrate that it has received some of the relief it sought in bringing the lawsuit in the first place"); *compare* Compl. Ex. B at 8 (seeking a private placement, and tutoring, transportation, and counseling services), *with id.* at 13

(agreeing that DCPS would provide a private placement, transportation, and one-on-one tutoring). In essence, then, Walker effectively obtained a consent decree[3] that was approved by the hearing officer and incorporated into the HOD and that provided her with the relief she sought. *See Straus*, 590 F.3d at 901 (for prevailing party status, "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." (quoting *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492–93 (D.C. Cir. 2003))). Walker has thus stated a claim for relief, and the District's motion to dismiss will be denied as to her claim.

### IV. CONCLUSION

For the foregoing reasons, the District's motion to dismiss [#3] must be granted in part and denied in part.[4] Accordingly, it is this 14th day of July 2011 hereby

**ORDERED** that defendant's motion to dismiss is **GRANTED** as to the claims of plaintiff Beate Wright and **DENIED** as to the claims of plaintiff Vanessa Walker.

Henry H. Kennedy, Jr.
United States District Judge

---

[3] The fact that the HOD was not formally captioned as a "consent decree" is not significant. *See Smyth*, 282 F.3d at 281 ("We doubt that the Supreme Court's guidance in *Buckhannon* was intended to be interpreted so restrictively as to require that the words "consent decree" be used explicitly. . . . We will assume, then, that an order containing an agreement reached by the parties may be functionally a consent decree for purposes of [determining prevailing party status].")

[4] Because the Court does not understand the parties to seek attorneys' fees on the grounds that the terms of the HODs entitle them thereto, it does not address the District's arguments as to that issue, or as to the Court's jurisdiction to enforce private contracts.